UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC. and ROOR INTERNATIONAL BV,<br><br>Plaintiffs,<br><br>v.<br><br>GURMAIL RAJ,<br><br>Defendant. | No. 2:18-cv-02534-TLN-CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Presently before the court is plaintiffs' motion for default judgment. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiffs' motion for default judgment be granted.

**I. BACKGROUND**

Plaintiffs' claims arise out of defendant's alleged unlawful importation, manufacture, retail sale, and/or wholesale sales of counterfeit branded water pipes and related parts bearing plaintiffs' trademarks. The complaint alleges as follows: Plaintiff RooR International BV is incorporated in the Netherlands and is the registered owner of the trademark for RooR branded water pipes. (ECF No. 1 at ¶ 6.) Plaintiff Sream is a California corporation doing business as RooR USA; and is and has been the exclusive licensee for RooR trademarked products within the United States since 2013. (Id. at ¶¶ 5, 13.)

1

| | |
|---|---|
| 1 | The RooR brand is "the premier manufacturer of glass water pipes by emphasizing the |
| 2 | brand's unwavering use of quality materials and focusing on scientific principles which facilitate |
| 3 | a superior smoking experience." (Id. at ¶ 10.) RooR branded products "are widely recognized |
| 4 | internationally and are highly renowned for their ornate and innovative characteristics." (Id. at |
| 5 | ¶ 9.) Sream has marketed and distributed RooR branded products in the United States |
| 6 | continuously since 2013. (Id. at ¶ 14.) |

Defendant Gurmail Raj is an individual doing business as "Cigarettes N Cigars" located in Sacramento, California. (Id. at ¶ 7.) Defendant, "without consent of Plaintiffs, offered to sell and sold . . . water pipes that were neither made by the Plaintiffs nor by a manufacturer authorized by the Plaintiffs." (Id. at ¶ 23.) On December 9, 2015, plaintiffs' investigator purchased a glass water pipe with a RooR trademark from defendant for $55.00. (Id. at ¶ 24.) Plaintiffs inspected the purchased item and confirmed that the water pipe defendant sold to plaintiffs' investigator was a counterfeit good with an infringing trademark. (Id. at ¶ 25.) Neither plaintiffs nor any authorized agents consented to defendant's "use of the RooR [m]arks, or any use of reproductions, counterfeits, copies and/or colorable imitations thereof." (Id. at ¶ 27.) "As a proximate result of the unfair advantage accruing to [defendant's] business from deceptively trading" on plaintiffs' advertising, sales, and consumer recognition, defendant "has made and will continue to make substantial profits and gains to which they are not in law or equity entitled." (Id. at ¶ 37.) Based on the allegations in the complaint, plaintiffs seek damages for trademark infringement, counterfeiting, false designation of origin, and unfair competition. (See generally ECF No. 1.)

The record reflects that defendant was properly served with process on September 27, 2018 and default was entered October 31, 2018. (ECF Nos. 5, 7.) Plaintiff thereafter filed a motion for default judgment. (ECF No. 9.) Plaintiff seeks an entry of default judgment in the amount of $200,000 and an award of attorneys' fees and costs in the amount of $3,445 and $560, respectively. (Id.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, default may be entered against a party against

2

whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (explaining that a defendant does not admit facts that are not well-pleaded or conclusions of law (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560 (citations omitted).

### III. DISCUSSION

#### A. Appropriateness of the Entry of Default Judgment Under the Eitel Factors

##### 1. Factor One: Possibility of Prejudice to Plaintiffs

The first Eitel factor considers whether the plaintiff would suffer prejudice if default

3

judgment is not entered, and such potential prejudice to the plaintiffs militates in favor of granting a default judgment. Here, plaintiffs would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiffs would be without another recourse against defendant. Accordingly, the first Eitel factor favors the entry of a default judgment.

        2.        Factors Two and Three: The Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint

The second and third Eitel factors address the merits of the claims and the sufficiency of the complaint, requiring that plaintiffs "state a claim on which [they] may recover." Danning, 572 F. 2d at 1388; see also PepsiCo, Inc., 238 F. Supp. 2d at 1175. "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." Danning, 572 F.2d at 1388.

Plaintiffs allege causes of action for: (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) counterfeiting in violation of 15 U.S.C. § 1117; (3) false designation in violation of 15 U.S.C. § 1125(a); and (4) unfair competition under California law. The infringement "claims are subject to the same test." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008). Further, "[t]his Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims under the Lanham Act." Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994).

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party 'must prove: (1) that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting Dep't of Parks & Recreation v. Bazaar Del Mundo Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)). The same test applies to common law trademark infringement and unfair competition claims. See, e.g., New West Corp. v. NYM Co. of Cal., Inc., 595 F.2d 1194, 1201 (9th Cir. 1979) (finding that likelihood of confusion is the test regardless of the violation).

4

Plaintiffs allege they own and are licensed to use U.S. Trademark registration numbers 3,675,839, 2,307,176, and 2,235,638 for "ROOR" in connection with, *inter alia*, glass bowls, clothing, and smoker's articles in International Classes 21, 25, and 34. (ECF No. 1 at ¶ 12, Ex. B.) Plaintiffs further allege defendant has made and will continue to make substantial profits and gains to which he is not entitled. (Id. at ¶ 37.) And plaintiffs allege defendant's continued use of these marks have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of the counterfeit goods defendant sold. (Id. at ¶¶ 33–34.) Further, defendant's default functions as a conclusive admission of the alleged infringing conduct. Danning, 572 F.2d at 1388.

Taken as true, the court finds the allegations of the complaint are sufficient and state a meritorious claim. Accordingly, the undersigned finds that these two factors weigh in favor of granting default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, plaintiffs seek $200,000 in statutory damages plus attorneys' fees and costs. As explained below, the undersigned will recommend that plaintiffs be awarded less in damages. Therefore, the Court deems the fourth factor weighs at least slightly in favor of default judgment.

### 4. Factor Five: The Possibility of a Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists. See Philip Morris USA, 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Despite having been properly served with the complaint, the request for entry of default, and the instant motion for default judgment, defendant failed to participate in this action. Defendant remained unresponsive after the entry of default against him and after plaintiff filed the instant motion. Thus, the record suggests that defendant has chosen not to defend himself in this action, and that the default did not result from excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: The Strong Public Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiffs are entitled to a default judgment against defendant and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiffs are entitled.

### B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Plaintiffs' motion for default judgment requests and award of statutory damages, attorneys' fees and costs, and injunctive relief, which were also requested in the complaint. Each form of relief is addressed separately below.

#### 1. Injunctive Relief

Plaintiffs seek a permanent injunction under the Lanham Act enjoining defendant from

continuing to infringing the RooR marks. (ECF No. 9-1 at 6.) 15 U.S.C. § 1116(a) provides that courts "have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark[.]" 15 U.S.C. § 1118 provides that "the court may order" items bearing plaintiffs' trademark in defendant's possession "be delivered up and destroyed." "[A]ctual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc., 736 F.3d 1239, 1249 (9th Cir. 2013) (citing Flexible Lifeline Sys. v. Precision Lift, Inc., 654 F.3d 989, 998 (9th Cir. 2011); Reno Air Racing Ass'n, Inc., v. McCord, 452 F.3d 1126, 1137–38 (9th Cir. 2006)).

Although defendant's statutory violation creates the possibility for injunctive relief, plaintiffs' claims must nonetheless satisfy the equitable requirements for a permanent injunction. See eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 394 (2006). "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Id. at 391.

First, although the record does not show that defendant is currently engaging in infringing conduct, plaintiff has shown irreparable harm because there is no reason to conclude that defendant will not infringe plaintiff's trademarks in the future given his established sale of a product bearing plaintiffs' trademark. Thus, irreparable injury occurred as a result of defendant's unauthorized sale of counterfeit products bearing plaintiffs' trademark, which deprived plaintiffs of the ability to control their reputation. CytoSport, Inc. v. Vital Pharm., Inc., 617 F. Supp. 2d 1051, 1080 (E.D. Cal. 2009) (explaining that, "in trademark cases, courts have found irreparable harm in the loss of control of a business' reputation, a loss of trade and loss of goodwill").

Second, harm to plaintiffs' reputation and customer base cannot be remedied by monetary damages alone. Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair

competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988). Moreover, defendant's failure to appear and participate in this litigation "has given the court no assurance that defendant's infringing activity will cease." Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (granting a permanent injunction as part of a default judgement copyright case); see also Warner Bros. Home Entm't Inc. v. Jimenez, No. CV 12-9160 FMO JEMX, 2013 WL 3397672, at *7 (C.D. Cal. July 8, 2013) (noting that "monetary damages alone are inadequate to compensate plaintiff because defendant's refusal to participate in the action makes it impossible for plaintiff to determine defendant's actual profits, the amount of lost income as a result of defendant's conduct, or take any action to prevent further infringement").

Third, a balance of hardships favors plaintiffs because if the injunction does not issue, defendant is more likely to continue violating plaintiffs' rights, imposing a hardship on plaintiffs. See Otter Prod., LLC v. Berrios, No. CV 13-4384 RSWL AGRX, 2013 WL 5575070, at *12 (C.D. Cal. Oct. 10, 2013).

Fourth, requiring a consideration of the public interest, the Lanham Act explicitly invoke the possibility of injunctive relief, which would serve the public interest of vindicating a law that is intended to encourage innovation. There are no facts here supporting that an injunction would be against the public interest.

Accordingly, the court finds that plaintiffs' request for a permanent injunction enjoining defendant from further infringing on the RooR marks should be granted.

### 2. Statutory Damages

Plaintiff requests maximum statutory damages of $200,000. (ECF No. 9-1 at 19.) Statutory damages range from an amount of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers." 15 U.S.C. § 1117(c)(1). "The district court has 'wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" L.A. News Serv. v. Reuters Television Intern., Ltd., 149 F.3d 987, 996 (9th Cir. 1998) (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)); see also Peer

Intern. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) (explaining that the court should be guided by what is just in the particular case, considering the nature of the circumstances of the infringement (quoting F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 232 (1952))).

The undersigned finds plaintiffs' request of $200,000 excessive in light of defendant's sale of a single counterfeit product for only $55. Plaintiffs claim that it is not possible to establish damages with certainty "[b]ecause Defendant has refused to cooperate." (ECF No. 9-1 at 18.) Plaintiffs concede that defendant "probably hasn't sold millions of counterfeit products," but state that it is nonetheless "clear that [defendant] has engaged in the purchase and sale of counterfeits of more than one unit[.]" (Id.) While possible, plaintiffs did not establish that assertion as a fact by making multiple purchases over a period of time. Nor did plaintiffs establish that their purported decline in sales is attributable to defendant's sale of counterfeit goods, which potentially could have bolstered the damage award sought. (ECF No. 9-1 at 19 (claiming "[p]laintiffs['] sales have declined in excess of $1,200,000" over a three-year period).) Accord Sream, Inc v. Singh, No. 2:18-CV-2025 KJM DB, 2019 WL 2172743, at *4 (E.D. Cal. May 20, 2019) (finding plaintiffs' request for $200,00 in statutory damages excessive and awarding $15,000 in statutory damages).

Moreover, the award sought by plaintiffs is disproportionate to what many courts have awarded in similar cases plaintiffs pursued. See, e.g., Id. (recommending an award of $15,000 in statutory damages based on the purchase of one counterfeit produce for less than $100); Sream, Inc. v. Sahebzada, No. 18-CV-05673-DMR, 2019 WL 2180224, at *9 (N.D. Cal. Mar. 6, 2019), report and recommendation adopted, No. 18-CV-05673-RS, 2019 WL 2180215 (N.D. Cal. Mar. 28, 2019) ("Balancing deterrence of future infringement by Sahebzada and preventing a windfall to Plaintiffs, the court recommends awarding statutory damages in the amount of $10,000.00."); Sream, Inc. v. Singh, Case No. 1:18-cv-00987-DAD-BAM, 2018 WL 5819455, at *9 (E.D. Cal. Nov. 5, 2018), report and recommendation adopted, No. 1:18-cv-00987-DAD-BAM, 2019 WL 2160358 (E.D. Cal. Feb. 13, 2019) (recommending award of $20,000 as reasonable under similar facts); Sream, Inc. v. Andy's Smoke Shop, Inc., Case No.: 18cv1676-MMA (RBB), 2018 WL

5279130, at *6 (S.D. Cal. Oct. 23, 2018) ("Based on the foregoing, the Court awards Plaintiffs statutory damages for one infringed trademark totaling $25,000."); Sream, Inc. v. Walsh, Case No. EDCV 16-2538-JGB(KKx), 2017 WL 8230031, at *6 (C.D. Cal. Feb. 14, 2017) ("Therefore, the Court GRANTS Plaintiff's request for statutory damages and finds an award of $10,000 is appropriate for Walsh's infringement of the RooR Mark for water pipes.").

The undersigned finds these cases persuasive and recommends that plaintiffs be awarded $15,000 in statutory damages based on the circumstances present in this action.

### 3. Attorneys' Fees and Costs

Plaintiffs seek an award of $3,445.00 in attorneys' fees and $560 in costs. (ECF No. 9-1 at 21.) 15 U.S.C. § 1117(a) provides that "in exceptional cases, [the court], may award reasonable attorney fees to the prevailing party."

Local Rule 293(b) provides that all motions for awards of attorneys' fees pursuant to statute shall, at a minimum, include an affidavit showing:

> (1) that the moving party was a prevailing party, in whole or in part, in the subject action, and, if the party prevailed only in part, the specific basis on which the moving part claims to be a prevailing party;
>
> (2) that the moving party is eligible to receive an award of attorneys' fees, and the basis of such eligibility;
>
> (3) the amount of attorneys' fees sought;
>
> (4) the information pertaining to each of the criteria set forth in (c); and
>
> (5) such other matters as are required under the statute under which the fee award is claimed.

In turn, Local Rule 293(c) provides the following criteria, information pertaining to which the moving party must provide under Local Rule 293(b)(4):

> (1) the time and labor required of the attorney(s);
>
> (2) the novelty and difficulty of the questions presented;
>
> (3) the skill required to perform the legal service properly;
>
> (4) the preclusion of other employment by the attorney(s) because of the acceptance of the action;
>
> (5) the customary fee charged in matters of the type involved;

(6) whether the fee contracted between the attorney and the client is fixed or contingent;

(7) any time limitations imposed by the client or the circumstances;

(8) the amount of money, or the value of the rights involved, and the results obtained;

(9) the experience, reputation, and ability of the attorney(s);

(10) the "undesirability" of the action;

(11) the nature and length of the professional relationship between the attorney and the client;

(12) awards in similar actions; and

(13) such other matters as the Court may deem appropriate under the circumstances.

Finally, with regard to costs, Local Rule 292(b) provides:

> Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.

Local Rule 292(a).

Here, plaintiffs' counsel submitted a declaration in support of the award of attorneys' fees that provides his firm's billing rates, the hours spent on this matter, and that he has "continuously been engaged in the practice of Business and Intellectual Property litigation" since 2007. (ECF No. 9-2 at ¶¶ 13–14.) However, the declaration and plaintiffs' briefing fails to fully comply with the Local Rules and address all of the requisite criteria set forth in Local Rule 293(b)(4). Plaintiffs also failed to submit a bill of costs conforming to 28 U.S.C. § 1924 and Local Rule 292. Accordingly, the court will recommend that plaintiffs' request for attorneys' fees and costs be denied without prejudice to renewal.

////

////

////

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 9) be GRANTED IN PART, in the terms outlined in this order.

2. Judgment be entered in plaintiffs' favor and against defendant.

3. Defendant be permanently enjoined from further unauthorized infringement of the trademarks at issue.

4. Plaintiffs be awarded statutory damages in the amount of $15,000, with any post-judgment interest accruing after the entry of judgment in accordance with federal law.

5. Plaintiffs' request for attorneys' fees and costs be denied without prejudice.

6. The Clerk of Court be directed to vacate all dates and close this case.

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve copies of this order and findings and recommendations on defendant by U.S. mail at his last-known address.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 6, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 sream2534.default